**LOCAL 1035, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et. al., Plaintiff,**

**v.**

**PEPSI ALLIED BOTTLERS, INC., Defendant.**

**No. 3:98CV1615(WWE).**

United States District Court,
D. Connecticut.

May 19, 2000.

Peter D. Goselin, Henry F. Murray, Livingston, Adler, Pulda & Meiklejohn, Hartford, CT, for Intern. Broth. of Teamsters, Local 1035, Gary Simone, Robert Bourassa, Tom Dennehy, Keith Follert, Jeffrey Foss.

Thomas W. Meiklejohn, Livingston, Adler, Pulda & Meiklejohn, Hartford, CT, for Gregory J. Hoisington, Erwin A. Muller, Robert Hagist, Brian Schulz, Joe St. Onje, Raymond L. Wright, Michael Groves, Mark W. Powell, Timothy J. Hedge, Paul R. Vincellette, Randy Piteo,

Scott Fontaine, Donald C. Roy, Jacques Chicoine, Eric Matland, Robert Parent, Wayne Cook, John W. Burton, Jr., Matt Bengle, Ricky Labruna.

Bernard Green, Marni Smith Katz, Green & Gross, P.C., Bridgeport, CT, for Pepsi–Cola Allied Bottlers, Inc.

## *RULING ON DEFENDANT'S MOTION TO DISMISS*

EGINTON, Senior District Judge.

This action, brought by twenty-five individuals and their collective bargaining agent, Local 1035 International Brotherhood of Teamsters ("Local 1035"), against Pepsi–Cola Allied Bottlers, Inc. ("Pepsi"), arises out of Pepsi's alleged failure to pay the plaintiffs overtime in violation of the federal Fair Labor Standards Act ("FLSA") and its Connecticut state law counterpart Conn.Gen.Stat. Sec. 31–60(a), et seq.

On February 4, 2000, the defendant filed a counterclaim against Local 1035 asserting a right to indemnification against liability pursuant to a collective bargaining agreement between Local 1035 and Pepsi.

Pending before the Court is the plaintiff's motion to dismiss the defendant's counterclaim [Doc. # 75].

## FACTS

Defendant Pepsi is a Connecticut-based regional distributor of various soft-drink products. Plaintiffs are twenty-five individual employees of Pepsi and their collective bargaining agent Local 1035 International Brotherhood of Teamsters.

On or about September 3, 1997, Local 1035 entered into a three year collective bargaining agreement with Pepsi. The agreement contains three provisions which are relevant to the present motion [1]:

*Article III, Paragraph 10: Indemnification: The Union agrees to indemnify and hold the Company harmless from any liability and any claims, demands, suits or any cause of action filed against the Company in any forum which claim arises out of the operation, implementation, or application of the provisions set forth in this Article.*

*Article III, Paragraph 3: Recognition: As it relates to this specific contract, the Company recognizes the Union as the sole collective bargaining agency for employees engaged in work covered by the Agreement with respect to wages, hours and other conditions of employment.*

*Article III, Paragraph 4: The Company recognizes and acknowledges that the Union is the exclusive representative of all employees in the classification of work covered by this Agreement for the purposes of collective bargaining . . . .*

Article III of the agreement does not contain any provisions for the compensation of bargaining unit employees.

The crux of the plaintiffs' complaint is that the plaintiffs regularly work in excess of forty hours and do not receive overtime compensation.

## DISCUSSION

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable

---

1. The Court notes that on a motion to dismiss, a court may address documents that are attached to or referenced in the complaint without turning the motion into one for summary judgment. *Cortec Indust. Inc. v. Sum Holding, L.P.,* 949 F.2d 42, 47 (2d Cir.1991).

inferences in favor of the non-moving party. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

### Fair Labor Standards Act

Congress's purpose in passing the FLSA was to enable a substantial portion of the American workforce to maintain minimum standards of living. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706–707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). It created a uniform national policy of guaranteeing compensation for all work or employment, including overtime, engaged in by employees. *See Fair Labor Standards Act Title*, 29 U.S.C. 210, et seq.; *See Tennessee Coal, Iron & R Co. v. Muscoda Local 123*, 321 U.S. 590, 602–3, 64 S.Ct. 698, 88 L.Ed. 949 (1944). The Act accomplishes its purpose by reinforcing "employee bargaining power concerning wages by prohibiting wage rates below a certain level," and by reinforcing "employee bargaining power concerning hours of labor by exerting financial pressure upon the employer to limit hours to a certain level." *Murray v. Noblesville Milling Co.*, 131 F.2d 470, 472 (7th Cir.1942). The rights and policies of the FLSA are so important that courts routinely have prohibited collective bargaining agents from bargaining away employee's rights granted to them under the FLSA, stating that "any custom or contract falling short of that basic policy cannot be utilized to deprive employees of their statutory rights." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 513 (9th Cir.1978); *See also Tennessee Coal Co.*, 321 U.S. at 602, 64 S.Ct. 698.

In *Stamford Board of Education v. Stamford Education Association*, the Second Circuit held that an indemnification clause contained in a collective bargaining agreement which violated federal civil rights policy was void, stating that courts "must not be timid in voiding agreements which tend to injure the public good or contravene some established interest of society." 697 F.2d 70, 73 (2d Cir.1982). The Court reasoned that if it were to hold the indemnification clause enforceable, employers would have little reason to be concerned over whether labor agreements discriminated against women, "knowing full well that if they are later found to have discriminated, they will be totally compensated for any injuries resulting from the discrimination." The Court also noted that if the indemnification clause was enforced, the union would probably be utilizing funds collected as dues from the plaintiffs themselves in order to satisfy the judgment. *Stamford*, 697 F.2d at 73–74.

This Court adopts the reasons stated in *Stamford*, and finds that the indemnification clause in Local 1035's collective bargaining agreement violates the public policy embodied in the FLSA and is therefore void.[2]

Specifically, a holding that the indemnification clause is enforceable would indeed mean that employers would have little reason to be concerned over whether labor agreements comply with the statutorily mandated and unwaivable overtime pay requirements of the FLSA, knowing full well that if they are later found to have violated such requirements, such employers would be totally compensated for any injuries resulting from such action, and, as *Stamford* further stated, if the employer is found guilty of violating the FLSA, and the indemnification clause is enforced, the union would utilize funds collected as dues from the plaintiffs themselves in order to satisfy the judgments, thereby making the individual employees, whom the statue was designed to protect, pay for the wrongful acts of another. This Court is unwilling to create such a potential exception to the general rule against using indemnification clauses to potentially immunize a defendant from liability for its own wrongful

---

2. The plaintiff argues that the indemnification clause found in Article III is irrelevant and does not apply to the compensation of union employees found in Article XXX of the Agreement. For purposes of this ruling only, the Court assumes that the indemnification clause applies and is material to the disposition of the case.

acts. *See Globus v. Law Research Service, Inc.*, 418 F.2d 1276, 1288 (2d Cir.1969).[3] Therefore, the counterclaim will be dismissed.

## CONCLUSION

For the reasons set forth above, the plaintiffs' motion to dismiss the defendant's counterclaim [Doc. # 75] is GRANTED.

3. Alternatively, the defendant asks this Court to construe the indemnification clause as one for contribution, noting that the Second Circuit has not addressed the legality of a contractual contribution clause in a collective bargaining agreement which shares rather than shifts liability. *See Stamford*, 697 F.2d at 74. This Court, however, is unwilling to draft such language into the contract.